IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-176-Z-BR |
| | § | |
| DAVID GUTIERREZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY MOTION TO DISMISS

Before the undersigned is a Motion to Dismiss filed by Defendants. (ECF 32). Having considered the arguments of Defendants, Plaintiff's objections, which the undersigned construes as his response, and for the reasons that follow, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Motion be GRANTED.

Defendants David Gutierrez and James LaFavers are members of the Texas Board of Pardons and Paroles, against whom Plaintiff seeks injunctive relief challenging denial of parole. (ECF 3). They contend Plaintiff does not have a liberty interest in parole and his allegations are insufficient to entitle him to any relief under 42 U.S.C. § 1983. (ECF 32 at 3).

Texas prisoners have no protected liberty interest in parole. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Accordingly, they cannot mount a challenge to any state parole review procedure on due process grounds. *Id.* In other words, when a prisoner has no liberty interest in the outcome, he cannot complain of the procedural devices used to get there. *Wansley v. Miss. Dept. of Corrections*, 769 F.3d 309, 312–13 (5th Cir. 2014).

Plaintiff acknowledges in his response that he has no right to parole, (ECF 33 at 2), but the Fifth Circuit is clear that the lack of a liberty interest in the outcome is fatal to an interest in the process. Parole is a discretionary matter for Texas state authorities, so Plaintiff has no cognizable interest in the process they use to arrive at their decision. Because the Complaint rests exclusively on this rejected argument, the case must fail.

## RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Motion to Dismiss, (ECF 32), be granted.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 2, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS*

*Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).